[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14195

_____

D. C. Docket No. 03-00558-CR-11-TWT-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                              versus

ALFREDO P. RIVERA,
a.k.a. Cukie,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 15, 2006)**

Before ANDERSON, BARKETT and BOWMAN[*], Circuit Judges.

PER CURIAM:

_____

[*] Honorable Pasco M. Bowman, II, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Alfredo P. Rivera appeals his conviction for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, and aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).  Because we conclude that our case law forecloses all of Rivera's arguments, we affirm.

We reject Rivera's challenge to the district court's denial of his motion in limine to exclude evidence of his prior convictions pursuant to the authority of United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc);[1] United States v. Roberts, 619 F.2d 379 (5th Cir. 1980); United States v. Costa, 947 F.2d 919 (11th Cir. 1991); and United States v. Butler, 102 F.3d 1191 (11th Cir. 1997), as explained in United States v. Matthews, 431 F.3d 1296, 1310-12 (11th Cir. 2005) (per curiam), petition for cert. filed, 74 U.S.L.W. 3619 (U.S. Apr. 24, 2006) (No. 05-1355).

We must also reject Rivera's argument that he was entitled to a limiting instruction to the jury at the time the district court admitted his co-defendants' guilty pleas into evidence.  Pointedly, because Rivera does not contest the propriety of admitting the pleas in the abstract, and because the district court did

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

issue a limiting instruction as part of its final charge to the jury, the only question before us is whether Rivera was entitled to have the instruction given earlier in the proceedings, at the time the pleas were entered into evidence. Our case law has answered that question in the negative. See United States v. Hernandez, 921 F.2d 1569, 1583 (11th Cir. 1991) ("Although a contemporaneous instruction to the jury may have been preferable, we cannot say the trial court abused its discretion by failing to give one.").

Rivera also maintains that the district court committed reversible error in limiting his cross-examination of one of his co-conspirators and one of the government's key witnesses against him, in violation of Rivera's Sixth Amendment Confrontation Clause rights. We find no abuse of discretion in light of Rivera's extensive cross-examination of the witness which had already more than exposed the jury to Martinez's potential prejudice and bias.

Finally, having reviewed the record, the evidence against Rivera is clearly sufficient[2] to sustain the conviction. Rivera's asserted co-conspirators directly testified against him. Our case law is clear that "credibility determinations are for a

---

[2] "Sufficiency of the evidence is an issue that we review de novo to determine whether 'a reasonable jury, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government could find the defendant[ ] guilty as charged beyond a reasonable doubt.'" United States v. Johnson, 440 F.3d 1286, 1289 (11th Cir. 2006) (per curiam) (quoting United States v. Williamson, 339 F.3d 1295, 1299 (11th Cir. 2003)) (alteration in original).

jury to make." United States v. Ndiaye, 434 F.3d 1270, 1296 (11th Cir. 2006) (citing United States v. Andrews, 953 F.2d 1312, 1318 (11th Cir. 1992)).  Once the co-conspirators' testimony is taken as true, which is a decision our case law commits to the jury, we conclude that a reasonable jury could find Rivera guilty beyond a reasonable doubt.

**AFFIRMED**.